UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ELIZABETH ILLE,

     Plaintiff,

v.

LOWE'S HOME CENTERS, LLC, et al.,

     Defendants.

No. 1:20-CV-143-H

### ORDER DISMISSING CHRIS PRICE WITHOUT PREJUDICE AS IMPROPERLY JOINED AND DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is Elizabeth Ille's Motion to Remand (Dkt. No. 7) and Chris Price's Motion to Dismiss for failure to state a claim (Dkt. No. 4). The Court denies Ille's Motion to Remand. The defendants have met their heavy burden of showing that Ille improperly joined Price because there is no reasonable basis to predict that Ille can recover against Price. Thus, the Court dismisses Price without prejudice as improperly joined and denies Ille's Motion to Remand.

The Court finds that the strong policy favoring granting leave to amend requires the Court to grant Ille one opportunity to amend her complaint. Thus, Ille may attempt to cure the deficiencies that the Court has identified in this order by filing an amended complaint no later than 21 days from the issuance of this order.

Additionally, the Court finds that because Ille improperly joined Price, it lacks subject-matter jurisdiction as to Price and may not dismiss Ille's claims against him. Accordingly, the Court denies Price's Motion to Dismiss.

1. **Factual and Procedural Background**

   A. **Factual Allegations**

   The Court takes the pertinent factual allegations from Ille's state-court petition, as it

   must at this procedural stage. *See* Dkt. No. 1-3; *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d

   763, 766 (5th Cir. 2016) (citation omitted). On or about April 11, 2019, Ille visited a Lowe's

   store in Abilene, Texas. Dkt. No. 1-3 at 2. Price is the manager of that store. *Id.* During

   her visit to the store, Ille injured herself when she tripped over a pallet jack that was left in

   the aisle. *Id.*

   Ille is a Texas citizen. *Id.* at 1. Lowe's pleads that it is a North Carolina corporation

   with its principal place of business in North Carolina. *See* Dkt. No. 1 at 3. Price is a Texas

   citizen. Dkt. No. 1-3 at 1.

   B. **Procedural History**

   Ille filed a state-court petition in the 350th Judicial District Court of Taylor County,

   Texas, seeking damages for negligence and premises liability against both Lowe's and Price.

   *Id.* at 3. Lowe's removed the case to this Court, arguing that Price had been improperly

   joined to defeat diversity jurisdiction. Dkt. No. 1. Price then moved to dismiss Ille's claims

   against him under Rule 12(b)(6). Dkt. No. 5. Additionally, Ille moved to remand the case

   to state court. *See* Dkt. No. 7. The defendants filed a response in opposition. *See* Dkt. No.

   10. Price's Motion to Dismiss and Ille's Motion to Remand have been fully briefed, except

   that Ille did not file a reply in support of her motion.

2.    **Legal Standards**

A.    **Motions to Remand and Improper Joinder**

Defendants in state court may remove a case to federal court so long as the federal

court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party

bears the burden of establishing that federal jurisdiction exists over the controversy. *Winters*

*v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) (citations omitted). In

cases removed based on diversity jurisdiction, "all persons on one side of the controversy

[must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf*

*Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citations omitted); 28 U.S.C. § 1332(a). A

removed case must be remanded if "at any time before final judgment it appears that the

district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The improper-joinder doctrine is an exception to the complete-diversity requirement

that allows federal courts to disregard the citizenship of improperly joined defendants in

their jurisdictional analysis. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en

banc). Removing parties claiming improper joinder bear a heavy burden. *Travis v. Irby*, 326

F.3d 644, 649 (5th Cir. 2003). The removing party must show that the nondiverse

defendant has been improperly joined because of either (1) actual fraud in the pleading of

jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against

the nondiverse party in state court. *Id.* at 647 (citation omitted). The standard under the

second prong—the one at issue in this case—is whether there is a "reasonable basis for the

district court to predict that the plaintiff might be able to recover against a [nondiverse]

defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). All

factual allegations are viewed in the light most favorable to the plaintiff, and any factual

3

issues are resolved in the plaintiff's favor. *Travis*, 326 F.3d at 648. The motive or purpose of the joinder is not relevant to this analysis. *Smallwood*, 385 F.3d at 574.

In most cases, courts conduct a Rule 12(b)(6)-style analysis to determine whether a plaintiff has a reasonable basis to recover against a non-diverse defendant. *Id.* at 573. The federal pleading standard, as articulated in *Bell Atlantic Corp. v. Twombly*, applies in this analysis. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). Therefore, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). A court, at its discretion, may go one step further by piercing the pleadings and conducting a summary inquiry into the claim. *Smallwood*, 385 F.3d at 573. This inquiry must be limited—seeking only to identify the presence of "discrete and undisputed facts that would preclude plaintiff's recovery against the [nondiverse] defendant." *Id.* at 573–74.

When a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice. *Int'l Energy Ventures*, 818 F.3d at 209. "Thus, the only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction." *Id.* at 210.

### B.   Rule 12(b)(6) Motions to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving a motion to dismiss, the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d

4

304, 306 (5th Cir. 2015) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)) (internal quotation marks omitted).  But the Court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  A motion to dismiss pursuant to Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (internal citation omitted).

When a plaintiff's complaint fails to state a claim, a court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice.  *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  District courts "often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co.*, 313 F.3d at 329; *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted).  However, a plaintiff should be denied leave to amend a complaint if "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990).

3.    **Analysis**

A.    **Because Ille improperly joined Price, the Court dismisses Price without prejudice as improperly joined and denies Ille's Motion to Remand.**

The Rule 12(b)(6)-style analysis, which is required under *Smallwood*, dictates that Price has been improperly joined. Under Texas law, individual liability of a corporate employee "arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citations omitted). Ille's state-court petition does not sufficiently allege that Price owed an independent duty of reasonable care to her, so the Court dismisses Price as improperly joined and denies Ille's Motion to Remand.

Federal district courts in Texas, which have often considered whether store managers have been improperly joined in personal-injury suits, have found that federal subject-matter jurisdiction is not present where the plaintiff fails to adequately plead that the manager "was directly involved in the conduct that caused the plaintiff's injuries." *Padilla v. Wal-Mart Stores Tex., LLC*, No. EP-19-CV-004-KC, 2019 WL 2565260, at *3 (W.D. Tex. Apr. 9, 2019); *see also Borg v. Old Navy, LLC*, No. SA-13-CV-680-XR, 2013 WL 4677685, at *3 (W.D. Tex. Aug. 29, 2013) (stating that a plaintiff must establish "what [the manager's] duty is and how it is independent from the duty owed by [the premises owner]"). In both *Padilla* and *Borg*, the plaintiffs did not allege the manager's independent duty with any specificity. 2019 WL 2565260, at *3; 2013 WL 4677685, at *3. Thus, the district courts in those cases declined to remand the cases to state court. *Id.*

Similarly, Ille has not pled what Price's duty to her was and how it was independent from the duty that Lowe's owed to her. She alleges that he failed to properly train and supervise his subordinates, *see* Dkt. No. 1-3 at 2, but she "does not plead that [Price]

6

personally directed or participated in any of the alleged negligent acts of which she complains." *Gonzalez v. Wal-Mart Stores*, No. SA-10-CV-120-XR, 2010 WL 1417748, at *3 (W.D. Tex. Mar. 31, 2010). As such, there is no reasonable basis for the Court to predict that Ille can recover against Price. The Court should therefore deny Ille's Motion to Remand and dismiss Price from this action.

Ille relies on *Sackett v. Russell Williams & TSA Stores, Inc.*, No. A-13-CA-755-SS, 2013 WL 11274251 (W.D. Tex. Nov. 18, 2013), in arguing that her state-court petition adequately states a claim for relief against Price. *See* Dkt. No. 6 at 13–14. In *Sackett*, a plaintiff alleged that he was injured by a hammock that was displayed in a sporting-goods store. 2013 WL 11274251, at *1. Sackett sued the sporting-goods store and the store manager, and the store removed on the basis of diversity jurisdiction. *Id.* Since Sackett pled that the store manager was the "acting manager on duty at the time of the incident," the district court concluded that the store had not met its heavy burden to show that Sackett was unable to establish a cause of action against the store manager under Texas law and remanded the case to state court. *Id.* at *4.

But a later case distinguishes *Sackett* and makes clear that Ille's reliance on that case is misplaced. *See Minjarez v. Wal-Mart Stores Texas, LLC*, No. EP-18-CV-00106-FM, 2018 WL 7291448, at *3 (W.D. Tex. June 19, 2018). In *Minjarez*, the plaintiff brought claims for negligence and premises liability against Wal-Mart and a store manager after she slipped on grapes and injured herself in a Wal-Mart store. *Id.* at *1. Wal-Mart removed on the basis of diversity, and Minjarez then moved to remand the case to state court. *Id.* The court found that *Sackett*'s conclusion rested on the plaintiff's allegations that the manager in that case was present at the time of the plaintiff's injury and that the manager exercised personal

7

control over the area in which the plaintiff was injured. *Id.* at \*3. Because Minjarez did not

allege that the store manager was present at the time of her injury or that he exercised

personal control over the area in which she sustained her injury, the court denied her

motion to remand and dismissed the store manager from the action. *Id.* at \*3–4.

Like the plaintiff in *Minjarez*, Ille fails to plead that Price was present at the time of

her injury or that he had personal control over the area in which she sustained her injury.

*See* Dkt. No. 1-3 at 2–3. Instead, she alleges generally that Price was negligent in failing to

properly train and supervise his subordinates or adequately inspect the premises under his

management. *Id.* at 3. Because Ille has not alleged that Price was present at the Lowe's

store at the time of her accident or that he exercised personal control over the area where

she tripped over the pallet jack, the defendants have met their heavy burden to demonstrate

that Price was improperly joined as a defendant to defeat diversity jurisdiction.

Accordingly, the Court should deny Ille's Motion to Remand and dismiss Price—without

prejudice—from this action. *See Int'l Energy Ventures*, 818 F.3d at 209.

### B.      The Court grants Ille leave to amend her complaint.

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give

leave when justice so requires." And the Fifth Circuit has dictated strong policy favoring

amendment of pleadings after dismissal. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter &*

*Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one

opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the

defects are incurable or the plaintiffs advise the court that they are unwilling or unable to

amend in a manner that will avoid dismissal."). In fact, the Fifth Circuit has even held that

a district court abuses its discretion if, after dismissal, it denies a timely motion to amend, at

8

least when the defendant would not be unduly prejudiced by the amendment. *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Accordingly, the Court grants Ille leave to amend her complaint. Ille may therefore file one amended complaint no later than 21 days from the issuance of this order. Any amended complaint shall address the pleading deficiencies with respect to the joinder of Price that the Court has identified in this order.

### C. The Court lacks jurisdiction to dismiss Ille's claims against Price under Rule 12(b)(6).

Where a defendant has been improperly joined to defeat diversity jurisdiction, the district court lacks subject-matter jurisdiction as to that defendant and thus may not dismiss the plaintiff's claims against such a defendant under Rule 12(b)(6), which operates as an adjudication on the merits. *Id.* at 210; *see also Alviar v. Lillard*, 854 F.3d 286, 291–92 (5th Cir. 2017) (same). Because Ille improperly joined Price, the Court may not rule on the merits of Price's Motion to Dismiss. If the Court were to conclude that Price was not improperly joined, it would then remand the case to state court because subject-matter jurisdiction would be absent. Accordingly, the Court denies Price's Motion to Dismiss for lack of jurisdiction.

### 4. Conclusion

The Court denies Ille's Motion to Remand and dismisses Price without prejudice because Ille has not sufficiently alleged that Price was directly involved in the conduct that caused her injury. In light of binding precedent that favors amendment of pleadings after dismissal, the Court grants Ille leave to file one amended complaint that addresses the pleading deficiencies regarding Price by October 22, 2020. Because the Court lacks subject-

matter jurisdiction on the merits of Ille's claim against Price, the Court denies Price's

Motion to Dismiss.

So ordered on October 21, 2020.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE