IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ELIZABETH ILLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-00143 |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| | § | |
| Defendants. | § | |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, ELIZABETH ILLE, in the above-entitled and numbered cause, complaining of Defendant, LOWE'S HOME CENTERS, LLC, and for cause of action shows the Court and Jury the following:

### I.
### PARTIES

1.  Plaintiff, ELIZABETH ILLE, is an individual residing in Taylor County, Texas.

2.  Defendant, LOWE'S HOME CENTERS, LLC, is a foreign corporation duly authorized and licensed to do business in the State of Texas,. Defendant has appeared and answered herein.

### II.
### VENUE AND JURISDICTION

3.  Venue is proper in Taylor County, Texas, in that all or a substantial part of the events or omissions giving rise to this cause of action occurred within Taylor County, Texas.

4.  This Court has proper jurisdiction over the parties and subject matter of this case and based on sufficient amount in controversy.

### III.
### STATEMENT OF FACTS

*Plaintiff's First Amended Complaint*

5. Plaintiff, on or about April 11, 2019, during normal business hours, came upon the business premises known as LOWE'S, located at 4134 Ridgemont Drive, Abilene, Texas 79606, which was occupied, maintained, or otherwise under the control, actual or constructive, of Defendant, LOWE'S HOME CENTERS, LLC (hereinafter "LOWE'S"). Plaintiff was at all times a business invitee on Defendant's premises. Plaintiff tripped over a flatbed cart that was negligently left by a LOWE'S employee in front of an aisle of merchandise. Plaintiff was on the premises of LOWE'S for the purpose of furthering the business and commerce of LOWE'S, therefore, Plaintiff was an invitee. Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care and including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence. Defendant is liable under premise liability law as well as negligence.

## VI.
## NEGLIGENCE OF LOWE'S

6. Defendant and their agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff:

   a. in failing to maintain reasonably safe premises;

   b. in failing to warn Plaintiff that there was a tripping hazard, the flatbed cart, in the high traffic area where Plaintiff fell;

   c. in failing to correct the dangerous condition which was created by the flatbed cart;

   d. in failing to use diligence in the inspection of the premises which would have revealed that the flatbed cart was in the aisle and that it posed a danger to LOWE'S patrons; and

   e. in failing to recognize that the flatbed cart was in the aisle for a sufficient period of time for Defendant to have seen the flatbed cart and taken the appropriate steps to safeguard against Plaintiff's fall.

7. Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of Defendant and their agents, servants, and employees constitute

negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff hereinafter set out.

## VII.
## DAMAGES

7. Plaintiff would show that as a direct result of the negligence of Defendant and their agents, employees, and servants, Plaintiff was caused to suffer serious and permanent personal injuries to her body generally. Plaintiff, as a direct and proximate result of the fall and the aforesaid negligence of Defendant, has incurred the following damages:

   a. reasonable and necessary medical expenses in the past;

   b. reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

   c. physical pain suffered in the past;

   d. physical pain which, in all reasonable probability, will be suffered in the future;

   e. mental anguish suffered in the past;

   f. mental anguish which, in all reasonable probability, will be suffered in the future;

   g. physical impairment in the past;

   h. physical impairment which, in all reasonable probability, will be suffered in the future;

   i. lost wages in the past;

   j. lost wages which, in all reasonable probability, will be suffered in the future;

   k. disfigurement suffered in the past; and

   l. disfigurement which, in all reasonable probability, will be suffered in the future.

## VII.
## JURY DEMAND

8. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right.

*Plaintiff's First Amended Complaint*

# VIII.
# PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ELIZABETH ILLE, requests that the Defendant LOWE'S HOME CENTERS, LLC be served with citation and upon final trial of this cause, the Court grant Plaintiff judgment against the Defendant for the following:

(a) Actual and compensatory damages against the Defendant;

(b) Pre- and post-judgment interest at the maximum rate allowed at law;

(c) Taxable costs of court; and

(d) Any such other and further relief as this Court deems just and proper.

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**
104 Pine Street, Suite 600
Abilene, TX 79604
Phone: (325) 400-1754
Fax:   (325) 400-1746

By: */s/ Jack D. Hurd*
**R. Scott Westlund**
State Bar No. 00791906
Email: scott@krwlawyers.com
**Jack D. Hurd**
State Bar No. 24110031
Email: jack.hurd@krwlawyers.com

**ATTORNEYS FOR PLAINTIFF**

*Plaintiff's First Amended Complaint*