UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ELIZABETH ILLE,<br><br>        Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>        Defendant. | No. 1:20-CV-143-H |

# ORDER GRANTING DEFENDANT'S
# MOTION FOR SUMMARY JUDGMENT

This is a personal injury case arising out of Elizbeth Ille's visit to her neighborhood Lowe's home-improvement store in Abilene. Ille was examining some stacked outdoor chairs when she stepped back and tripped over a flatbed cart behind her. Ille sued Lowe's in negligence. Dkt. No. 20 at 2–3.

Before the Court is Defendant's Motion for Summary Judgment. Dkt. No. 35. Lowe's claims that premises-liability law and not negligence law governs this case. *Id.* at 1. Defendant's motion rests on the argument that the flatbed cart was open and obvious and, therefore, that Lowe's did not owe Ille a duty as to the cart in question. Dkt. No. 36 at 4. The Court finds that: (1) premises-liability law and not negligence law governs; (2) Ille was an invitee, and Lowe's owed her a general duty to make safe or warn against any concealed, unreasonably dangerous conditions of which Lowe's was, or reasonably should have been, aware; (3) the flatbed cart was open and obvious as a matter of law; and (4) Lowe's did not owe Ille a duty as to the flatbed cart. As a result, the Court finds that Lowe's is entitled to judgment as a matter of law and grants its motion for summary judgment (Dkt. No. 35).

1.     **Procedural History**

Defendant, Lowe's Home Centers, LLC, removed this case based on diversity of citizenship in July 2020.  Dkt. No. 1.  In its notice of removal, Lowe's alleged that Price was improperly joined.  *Id.* at 4–7.  Price duly filed a 12(b)(6) motion to dismiss the case as to him (Dkt. No. 4), which the Court granted (Dkt. No. 12), leaving Lowe's as the only remaining defendant in the case.  Plaintiff, Elizabeth Ille, filed an amended complaint with a negligence claim (Dkt. No. 20), and Lowe's answered (Dkt. No. 21).  The case progressed to discovery and, in October 2021, Lowe's filed a motion for summary judgment claiming that Ille's negligence claim should be construed as a premises-liability claim and that her claim fails because the flatbed cart was open and obvious.  Dkt. No. 35.  Ille filed a response (Dkt. No. 40), and no reply brief was filed by the deadline established by Local Civil Rule 7.1(f).  Therefore, the motion is ripe for review.

2.     **Factual Background**

On April 11, 2019, Ille was browsing in the garden section of a Lowe's home-improvement store in Abilene (Store) when she entered an aisle that had outdoor chairs lined up on her left.  Dkt. Nos. 20 ¶ 5; 36 at 5; 40-2 at 2.  Then, Ille went down the aisle and passed a red flatbed cart to her left.  Dkt. Nos. 36 at 6; 40-2 at 2.  The cart had a handle sticking up about waist-level high and had some things stacked on it.  *See* Dkt. No. 38, Def.'s Ex. 1-A at 02:55.  In addition, there was a yellow warning cone standing near the flatbed cart.  *See id.*





(Dkt. No. 38, Def.'s Ex. 1-A at 02:55)

Ille walked toward a row of stacked chairs behind the flatbed cart, which left her standing between the chairs in front of her and the flatbed cart behind her.  Dkt. Nos. 36 at 6; 40-2 at 2–3.



(Dkt. No. 38, Def.'s Ex. 1-A at 02:59)



(Dkt. No. 38, Def.'s Ex. 1-A at 03:02)

Ille walked toward a row of stacked chairs behind the flatbed cart, which left her standing between the chairs in front of her and the flatbed cart behind her.  Dkt. Nos. 36 at 6; 40-2 at 2–3.



(Dkt. No. 38, Def.'s Ex. 1-A at 02:59)



(Dkt. No. 38, Def.'s Ex. 1-A at 03:02)

Ille then took a step back without looking and tripped over the flatbed cart, injuring her left wrist. Dkt. Nos. 20 ¶ 5; 36 at 6; 40-2 at 2–3. These facts are undisputed and confirmed by the footage from a security camera at the Store. Dkt. No. 38, Def.'s Ex. 1-A at 00:03–03:20.

3. **Legal Standards**

   A. **Summary Judgment**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The precise standard for summary judgment depends on whether the movant bears the burden of proof on the claim for which summary judgment is sought. When "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016). When "the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non[]movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (quoting *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)).

Under the federal rules,

[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

>   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The Court must consider materials cited by the parties but may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

In evaluating a motion under Rule 56, the Court must determine whether, after considering the evidence in the light most favorable to the nonmoving party, a rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). And "the substantive law will identify which facts are material." *Id.* at 248.

### B.  Negligence vs. Premises Liability

Because jurisdiction is based on diversity, the injury occurred in Texas, and the sole claim of negligence is based in state law, Texas law applies. *See Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 502 (5th Cir. 2018).

"In a typical premises-liability case, the landowner owes the invitee two duties: a duty to keep the premises reasonably safe and a duty not to injure the invitee through contemporaneous negligent activity." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 215 (Tex. 2015). "Thus, when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Id.* "A

6

negligent activity claim requires that the claimant's injury result from a contemporaneous activity itself rather than from a condition created on the premises by the activity; whereas a premises defect claim is based on the property itself being unsafe." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

"When an injury arises from a premises condition, it is often the case that any resulting claim sounds exclusively in premises liability, but that is not necessarily the case. An injury can have more than one proximate cause." *Austin*, 465 S.W.3d at 216 (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010)). A negligence claim may exist based upon a premises condition only if the plaintiff ties her injury to some negligent activity. *See id.* In a landowner-invitee context involving "nonfeasance, and not contemporaneous negligent activity," the Texas Supreme Court has found that such circumstances "could not give rise to a negligent-activity claim." *See id.* (citing *Del Lago*, 307 S.W.3d at 776 (distinguishing between allegations of nonfeasance and misfeasance)).

C.   **Landowner's Duty to an Invitee**

"An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both." *Id.* at 202 (internal quotations omitted) (quoting *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996)).

"A landowner has a duty to exercise reasonable care to make the premises safe for invitees" and may "satisfy this duty by eliminating the dangerous condition," "by mitigating the condition so that it is no longer unreasonably dangerous," or, "in most cases, . . . by providing an adequate warning of the danger." *Id.* In sum, a landowner's duty toward invitees is "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not."

*Id.* at 203. However, a "landowner's duty to invitees is not absolute," and a landowner "is not an insurer of [a] visitor's safety." *Id.* at 204 (citing *Del Lago*, 307 S.W.3d at 769).

And ordinarily, the landowner need not both warn *and* make reasonably safe—one or the other may suffice. *Id.* at 203 (citing *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996)). Texas imposes this duty because "[t]he landowner is typically in a better position than the invitee to be aware of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against such hazards, to the extent the landowner is or should be aware of them." *Id.* (citing *Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 747 (Tex. 1973)).

### D.    "Open and Obvious"

But the law is different when the condition is open and obvious or known to the invitee:

> When the condition is open and obvious or known to the invitee, however, the landowner is not in a better position to discover it. When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises.

*Id.* Hence, a landowner generally has no duty to warn or otherwise make safe a dangerous condition that is open and obvious or known to the invitee. *Id.* at 204. Exceptions exist in situations involving the criminal activity of a third party with landowner anticipation of such risks or in cases where use of the unsafe area was a necessity. *Id.* at 204–07; *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998) (criminal-activity exception); *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 515–16 (Tex. 1978)

8

(necessary-use exception). However, neither exception applies here, and plaintiff has not argued otherwise.

"Whether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (citing *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 383 (Tex. 1995)). "The question is whether the danger is 'so open and obvious that as a matter of law [the plaintiff] will be charged with knowledge and appreciation thereof.'" *Id.* (citing *Parker*, 565 S.W.2d at 516). "Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Id.* (citing *Tex. Dep't of Hum. Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014)). This requires an examination of the "totality of the particular circumstances the plaintiff faced." *Id.* (internal quotations omitted) (citing *State v. One (1) 2004 Lincoln Navigator*, 494 S.W.3d 690, 706 (Tex. 2016)).

Texas courts and federal courts applying Texas law have found conditions to be open and obvious in a variety of circumstances:

- an elevated threshold on an entrance to a bar, which the plaintiff visited two to five times per week for four or five years, *Wesson v. Gillespie*, 382 S.W.2d 921, 926 (Tex. 1964);

- a plaintiff examining merchandise in a store aisle noticed a forklift-like machinery, walked around it, doubled-back twice, and tripped over it, *Reeves v. Home Depot, U.S.A., Inc.*, No. AU-16-CA-00615-SS, 2018 WL 405120, at *1, 4 (W.D. Tex. Jan. 12, 2018);

- a thin, white nylon strap sticking out into a store aisle was open and obvious because it was visible and a different color than the floors, *Rincon v. Home Depot U.S.A., Inc.*, No. 3:17-CV-2909-X, 2019 WL 6118406, at *2–4 (N.D. Tex. Nov. 15, 2019);

- small clothing tags on the floor because they were a different color than the floor, and the plaintiff admitted she would have seen them had she been looking down,

>   *Robles v. Ross Stores, Inc.*, No. 3:16-cv-86-B, 2017 WL 2306527, at *7–8 (N.D. Tex. May 26, 2017);
>
> - an unobscured and raised patch of concrete colored differently than the rest of the parking lot, *Hughes v. Kroger Tex. L.P.*, No. 3:15-CV-0806-M, 2016 WL 3390510, at *2–3 (N.D. Tex. Mar. 4, 2016);
>
> - low-lying masonry jutting out of a water fountain in plain view, *Culotta v. DoubleTree Hotels LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied); and
>
> - a large wrinkle in a floor mat, which plaintiff saw before walking into the shopping-cart area, *Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-CV-1187-K, 2018 WL 4772408, at *1 (N.D. Tex. Oct. 3, 2018).

The common denominator in these cases is distinctive, conspicuous features inherent in the condition relative to its surroundings, the extent to which the condition is unobscured from view, and the fact that the plaintiff was, or a reasonable person—with plaintiff's degree of familiarity under similar circumstances—would have been, aware of the condition.

On the other hand, Texas courts have found conditions not open and obvious in circumstances where the dangerous condition was not apparent given its surroundings. For example, a wet floor at a grocery-store entrance on a rainy day was found not open and obvious. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 535, 538 (Tex. 1975). Similarly, in *Craver-Hicks Bldg. Maint., Inc. v. Vanlandingham*, 444 S.W.2d 663, 667–68, 671 (Tex. Civ. App. 1969), the court upheld a jury determination that an improperly waxed floor not easily visible to the naked eye was not open and obvious. And lastly, a clear glass sliding door from a lawn into a lighted motel room at night was found not open and obvious. *Scott v. Liebman*, 404 S.W.2d 288, 290 (Tex. 1966). The *Scott* court specifically distinguished *A. C. Burton Co. v. Stasny*, 223 S.W.2d 310 (Tex. Civ. App.—Galveston 1949, writ ref'd), where the plaintiff "knew of the existence of the glass," "walked around it to enter the store" on a prior occasion, and "knew that it was in a fixed or closed position through which he could

10

not walk without injury." 404 S.W.2d at 291–92. *Scott* found that, while the plaintiff had prior exposures to the glass door and its working, "there were not sufficient exposures at night here to charge him with such knowledge as was done in" *Stasny* or *Wesson* (elevated threshold on a bar entrance at night). 404 S.W.2d at 292. Thus, while the plaintiff's knowledge and familiarity are relevant factors, they must be of sufficient frequency and under similar conditions to those at the time of injury in order to weigh in favor of openness and obviousness. *See id.*

4. Analysis

    A. **The Court construes Ille's claim as a premises-liability claim rather than a negligent-activity claim.**

Ille's amended complaint, on its face, has not alleged any contemporaneous negligent activity on the part of Lowe's or its employees at the time of her injury. She alleges several omissions by Lowe's in failing to maintain reasonably safe premises and to inspect, warn, and correct the dangerous condition, among other things. Dkt. No. 20 at 2. As stated above, in the typical landowner-invitee context, conditions arising from defendant's "nonfeasance, and not contemporaneous negligent activity" do not give rise to a negligent-activity claim. *Austin*, 465 S.W.3d at 216 (citing *Del Lago*, 307 S.W.3d at 776 (distinguishing between allegations of nonfeasance and misfeasance)). Admittedly—given that Ille alleges the flatbed cart was left in the aisle by a Lowe's employee (Dkt. Nos. 20 ¶ 5; 40-2 at 2)—the distinction between nonfeasance (failure to remove the cart) and misfeasance (placement of the cart) can be difficult to draw. But even where it was established that a defendant's employee had created the condition at issue, courts have found that premises-liability law governs where there was no ongoing activity by the defendant or its employees. *See, e.g.*, *Keetch*, 845 S.W.2d at 264 (holding premises-liability law to govern where a

11

grocery-store employee had sprayed the floor, but no ongoing activity occurred at the time of plaintiff's slip-and-fall injury).

Moreover, plaintiff's response omits any justification of why negligence law rather than premises-liability law should govern, and the Court sees none.  *See* Dkt. No. 40-2.  This case involves a flatbed cart that was sitting in an aisle surrounded by merchandise.  Dkt. No. 20 ¶ 5.  The cart was present during the entire time that Ille entered into the frame of the security camera overlooking the aisle of the garden section to the time of Ille's fall.  Dkt. No. 38, Def.'s Ex. 1-A at 00:03–03:20.  Just as there was no ongoing activity by the defendant's employee at the time of the plaintiff's injury in *Keetch*, no Lowe's employee can be seen moving or otherwise handling the cart *immediately* before Ille's fall.  *Id.*

Plaintiff alleges that the flatbed cart was negligently left there by a Lowe's employee.  Dkt. Nos. 20 ¶ 5; 40-2 at 2.  Although somewhat unclear, Chris Price, the manager of the Store, testifies that a store associate "moved a cart -- not a -- the cart that was there from a couple of feet over" and, in the process, "moved the cart in the walkway in front of merchandise."  Dkt. No. 40-1 at 7–8.  Defendant denies these allegations.  Dkt. No. 21 ¶ 5.  But, regardless of whether a Lowe's employee left the cart that Ille tripped over, the actions of Lowe's and its employees, if any, were not *contemporaneous* to Ille's injury.  And "when a claim does not result from *contemporaneous* activity, the invitee has no negligent-activity claim, and [her] claim sounds exclusively in premises-liability." *Austin*, 465 S.W.3d at 215 (emphasis added).  Therefore, the Court finds that premises-liability law governs Ille's claim rather than negligence law.

> **B.     Ille was an invitee, and Lowe's owed her a general duty to make safe or warn against any concealed, unreasonably dangerous conditions of which Lowe's was, or reasonably should have been, aware.**

Ille was an invitee because she entered the Lowe's store to shop for the mutual benefit of Lowe's and Ille. *See Posey*, 593 S.W.3d at 929. As a result, Lowe's owed Ille "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which [Lowe's was], or reasonably should [have been], aware but the invitee is not." *Austin*, 465 S.W.3d at 203. Lowe's could fulfill this duty by adequately warning Ille of the dangerous condition, eliminating the condition, or otherwise mitigating the condition so that it was no longer unreasonably dangerous. *See id.* at 202.

> **C.     The Court finds that that the flatbed cart was open and obvious as a matter of law, and, therefore, Lowe's did not owe Ille a duty as to the cart.**

Lowe's duty to Ille only extended to *concealed*, unreasonably dangerous conditions. *See id.* at 203. Lowe's had no duty to warn or otherwise make safe a dangerous condition that was open and obvious or known to Ille. *See id.* at 204. The Court finds that the flatbed cart was an open and obvious condition as a matter of law for the following reasons.

> **i.     The cart was large, unconcealed, conspicuously colored, and easily distinguishable from its surroundings.**

First, the flatbed cart that Ille tripped over was colored red, a color that stands out relative to the grey store floor. *See* Dkt. Nos. 40-1 at 7; 37 at 9; 36 at 10; 38, Def.'s Ex. 1-A at 00:03. Price's declaration indicates that Lowe's red flatbed carts have a "three-foot-tall handle" and are "approximately 22" x 35"." Dkt. No. 37 at 9. A cart that size is not so miniscule or subtle so as to go unnoticed by a passerby. The video footage from the Store security camera shows that the cart was out in the aisle in plain sight and unobstructed

13

between Ille entering the frame of the camera and her fall.  *See* Dkt. No. 38, Def.'s Ex. 1-A at 00:03–03:20.

Ille contends that the cart was "barely above ankle height" in support of her argument that the cart was not reasonably observable to a person exercising ordinary care. Dkt. No. 40-2 at 7.  This might be true if the cart consisted of just the ankle-height bed without additional paraphernalia or if the store had dimly lit conditions.  However, the footage shows that the three-foot cart handle was around Ille's waist-level as she walked past it in broad daylight.  *See* Dkt. No. 38, Def.'s Ex. 1-A at 02:55.  Moreover, the bed of the cart has some things, including what appears to be a box, stacked on top of it.  *See id.*  These facts cut against her assertion that the cart was not reasonably observable to a reasonably prudent person under similar circumstances.

Under Texas's objective test, the evidence indicates that a reasonably prudent person in similar circumstances to that of Ille would have been aware of the flatbed cart as a potential tripping hazard.  *See Los Compadres Pescadores*, 622 S.W.3d at 788 (citing *Okoli*, 440 S.W.3d at 614) ("Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances.").

> ii.    **There is no genuine issue of material fact that Ille maneuvered around the cart to access the stacked chairs.**

Second, although plaintiff disputes this fact (*see* Dkt. No. 40-2 at 7), Ille admits in her deposition that she maneuvered around the cart to access the stacked chairs (Dkt. No. 40-1 at 15).  In response to a question asking her whether she maneuvered around the cart, Ille tries to redirect the deposition toward the fact that "[she] was looking at all the chairs" but, ultimately, answers, "It appears that way, yes."  Dkt. No. 40-1 at 15.  Although, Ille's

answer is slightly ambiguous, a reasonable jury would construe this answer as an admission that she was aware of the flatbed cart and maneuvered around it. Moreover, the security-camera footage clearly shows Ille walking around the cart to position herself in between the cart and the stacked chairs. Dkt. No. 38, Def.'s Ex. 1-A at 02:57–03:03.

And this fact is material to this case given that, under Texas law, awareness and prior avoidance of a condition are factors in determining whether a condition was open and obvious. *See, e.g.*, *Reeves*, 2018 WL 405120, at *1 (noting that plaintiff walked past the order picker numerous times before tripping over it); *Dunn*, 2018 WL 4772408, at *1 (noting that plaintiff saw the large wrinkle in the floor mat before walking into the shopping-cart area). Given the deposition testimony and the uncontroverted security-camera footage, the Court finds that there is no genuine issue of material fact that Ille maneuvered around the cart to access the stacked chairs.

Ille's situation is similar to *Reeves* and *Dunn* in that she actually noticed the flatbed cart and maneuvered around it in accessing a stack of chairs. In *Reeves*, the plaintiff was at Lowe's competitor, Home Depot, when she tripped over an order picker's (forklift-like machine) loading platform. *Reeves*, 2018 WL 405120, at *1. The *Reeves* court specifically noted that the plaintiff had "noticed the order picker when she stepped into the cabinet aisle" and that the order picker was "big" and "colorful." *Id.* "After spotting the order picker, Linda Reeves walked around it and proceeded to the end of the aisle," doubled back past the order picker twice, and, "[o]n this third trip past the order picker . . . tripped over the end of the order picker's platform and fell to the ground, fracturing her right shoulder." *Id.* While Ille did not retrace her steps several times like Reeves did, the security-camera video clearly shows, and Ille admits that she walked past the cart down the aisle once and

15

maneuvered around the cart to position herself in between the cart and the stacked chairs. Dkt. Nos. 38, Def.'s Ex. 1-A at 02:50–03:03; 37 at 20–22.

Nonetheless, plaintiff continues to assert that "[her] testimony and video evidence make it clear that [she] did not see the cart because she was looking at the merchandise which defendant placed there so that customers would look at it." Dkt. No. 40-2 at 5. This assertion is contradicted by the video evidence. *See* Dkt. Nos. 38, Def.'s Ex. 1-A at 02:57–03:03; 40-1 at 15. And more broadly, plaintiff's argument misconstrues the objective standard for openness and obviousness established in Texas law. "Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Los Compadres Pescadores*, 622 S.W.3d at 788 (citing *Okoli*, 440 S.W.3d at 614). A reasonably attentive and prudent person who (1) walked past a conspicuously colored, loaded flatbed cart with a handle at waist-level; (2) looked at a stack of chairs directly behind a flatbed cart; and (3) maneuvered around the flatbed cart to position herself in between the cart and the chairs, would have been aware that the flatbed cart in question posed a tripping hazard.

   iii. **Ille had visited Lowe's and its garden center for over ten years and was familiar with its flatbed carts.**

Third, Ille testified in deposition that she had been a customer of the Store for "[m]ore than ten" years, "frequented the garden center several times in the past," "kn[e]w that Lowe's uses flatbed carts," and "used a flatbed cart at Lowe's prior to" the date of the accident. Dkt. No. 37 at 16. Texas law considers familiarity with a condition or lack thereof as a factor weighing in favor of a finding of openness and obviousness. *Austin*, 465 S.W.3d at 207 (quoting *Parker*, 565 S.W.2d at 520). For example, the *Wesson* court noted that the plaintiff visited a bar and crossed its elevated entrance threshold two to five times

16

per week for four or five years in determining that the threshold was open and obvious under the circumstances. 382 S.W.2d at 926. And in *Melton*, the court cited plaintiff's familiarity with the presence of an auger behind the cleanout door of a combine in finding that the auger was an open and obvious danger to operators. *Melton v. Deere & Co.*, 887 F.2d 1241, 1244 (5th Cir. 1989). Finally, in *Lopez*, the court cited the construction worker's familiarity with an open balcony in finding the condition was open and obvious. *Lopez v. Homebuilding Co.*, No. 01-04-00095-CV, 2005 WL 1606544, at *3 (Tex. App.—Houston [1st Dist.] July 7, 2005, no pet.).

And while *Wesson*, *Melton*, and *Lopez* all involved more permanent conditions—an entrance threshold, an auger bit inside a combine, and an open balcony—compared with a moveable flatbed cart temporarily left in a store aisle, the cases stand for the principle that familiarity with the circumstances of a condition—no matter how permanent—is a factor in favor of openness and obviousness.

Again, whether a danger is open and obvious is determined under an objective test, which asks "what a reasonably prudent person would have known under *similar circumstances*." *Los Compadres Pescadores*, 622 S.W.3d at 788 (emphasis added). Therefore, while the test itself is objective, the similar-circumstances portion of the test is broad enough to allow consideration of the plaintiff's "familiarity or lack of it" in postulating a hypothetical person with similar familiarity of the condition at issue. *See Austin*, 465 S.W.3d at 207 (quoting *Parker*, 565 S.W.2d at 520).

Ille not only knew about Lowe's flatbed carts, but she had used them several times in the past at the garden center in the Store, and she had been a customer for over ten years. Dkt. No. 37 at 16. Further, nothing in the record suggests that Ille's prior interactions with

17

Lowe's flatbed carts in the Store's garden center involved materially different surrounding circumstances to those of her time of injury. *See generally Scott*, 404 S.W.2d at 291–92. Therefore, the Court has no difficulty in concluding that Ille's prolonged familiarity with the instrumentality of her injury was of considerable frequency and under similar conditions to those at the time of injury. And so, Ille's familiarity is another factor weighing in favor of a finding that the flatbed cart in question was open and obvious. *See id.*

\*         \*         \*

Whether a danger is open and obvious is a question of law. *Los Compadres Pescadores*, 622 S.W.3d at 788 (citing *Caterpillar*, 911 S.W.2d at 383). And questions of law are decided by courts. *See, e.g.*, *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996). The cart was conspicuous and unobstructed from sight; there is no genuine issue of material fact that Ille noticed the cart and maneuvered around it; and Ille was familiar with the flatbed carts and had used them on various occasions during her ten-year patronage of the Store. Thus, the competent summary-judgment evidence before the Court weighs in favor of a finding that the flatbed cart was open and obvious as a matter of law.

## 5.     Conclusion

Ille suffered an injury, and her desire for redress is understandable. However, a "landowner's duty to invitees is not absolute," and a landowner "is not an insurer of [a] visitor's safety." *Austin*, 465 S.W.3d at 204 (citing *Del Lago*, 307 S.W.3d at 769).

For the reasons stated above, the Court finds that, although Lowe's did owe Ille a duty to make its premises reasonably safe, as a matter of law, Lowe's did not owe her a duty as to the open and obvious flatbed cart standing in the aisle. Therefore, Lowe's is entitled to

judgment as a matter of law, and the Court grants its motion for summary judgment (Dkt. No. 35).

So ordered on December 20, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE